CLEVENGER, Circuit Judge,
concurring.
I join the majority in all respects but one, which is the question of whether the district court erred in denying Transamerica’s motion for leave to amend its complaint to add an invalidity claim under 35 U.S.C. § 101 for claiming ineligible subject matter. Because the motion was offered well after the cut-off date for amended pleadings, and the circumstances of the case showed beyond any doubt that the claim could have been raised before the deadline for amendments, Lincoln opposed the motion.
On appeal, Transameriea complains about the denial of its untimely attempt to amend its complaint. The district court’s opinion denying the section 101 amendment describes in detail the reasons why Transameriea easily could have raised this defense in a timely fashion. Rather than decide whether the district court erred in denying Transamerica’s motion for leave to amend the complaint, the majority ducks the issue by saying we are not required to decide the question of invalidity. Whether or not we are compelled to adjudicate invalidity, I think we should review the denial of the motion to amend, and to that limited extent, I disagree with the majority.
We review an order granting or denying leave to amend under the pertinent regional circuit law. See Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1124 (Fed.Cir.2004). In the Eighth Circuit, denying the amendment of a complaint is reviewed for abuse of discretion. See Alternate Fuels, Inc. v. Cabanas, 538 F.3d 969, 974 (8th Cir.2008).
*1372 By no stretch of anyone’s imagination could it be said that the district court abused its discretion by denying Transamerica’s motion for leave to add a section 101 claim. Transamerica clearly knew of the import of the issue to its case well before the deadline for amendments passed, yet waited to file its motion too late in the game.